IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TARUN KUMAR VYAS,<br>    Plaintiff, | ) Civil Action Nos. 7:23cv00286, 7:23cv00287,<br>) 7:23cv00288, 7:23cv00293, and 7:23cv00296<br>)<br>) By: Elizabeth K. Dillon |
| SHERIFF BRYAN HUTCHESON, *et al.*,[1]<br>    Defendants. | ) United States District Judge<br>) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tarun Kumar Vyas, a Virginia inmate proceeding *pro se*, filed a civil rights complaint in Case No. 7:23cv00269. By memorandum opinion and order entered May 19, 2023, the court severed Vyas's claims into a total of fourteen cases. (*See, e.g.*, *Vyas v. Hutcheson*, No. 7:23cv00269, Mem. Op. 4, Dkt. No. 5.) He has since voluntarily dismissed many of those cases, and the five cases listed above in the caption remain.

On June 8, 2023, the Clerk received from Vyas a motion to be filed in all five cases requesting "joinder of certain claims and defendants." (*See, e.g.*, *Vyas v. Hutcheson*, No. 7:23cv00286, Dkt. No. 6.) It appears to the court that he is asking to join the claims and defendants from all five cases in a single case. As they currently stand, those cases involve the following claims:[2]

1. 7:23cv00286: Claims that defendants "and the pertinent state actors" failed to comply with the plaintiff's FOIA requests. The defendants are Hutcheson and Christopher Bean.

2. 7:23cv00287: Claims arising from defendant's failure to provide a computer workstation where plaintiff can type, print, and/or photocopy legal material, his failure to provide more than one copy of legal material from either a court or attorney, and his failure to

---

[1] Sheriff Hutcheson is the first-named defendant in the first-named suit, and he is a defendant to all but one of the other suits, as well. For efficiency's sake, the other defendants' names are not listed in the style of this order.

[2] The court uses Vyas's description of the claims where they differ from the court's prior order.

provide any free-standing stamps that are needed to send legal mail altogether in a manilla envelope. The sole defendant is Hutcheson.

3. 7:23cv00288: Claims based on defendant's failure to provide level two and three grievance forms that are needed to properly exhaust the facility's grievance process. The sole defendant is Hutcheson.

4. 7:23cv00293: Claims arising from the shakedown of plaintiff's cell, leading to the seizure of plaintiff's foam, while another inmate was allowed to keep his foam in a later shakedown. Both the shakedowns were conducted by corporal Wilson. The sole defendant is Corporal Wilson.

5. 7:23cv00296: Only the claim that the plaintiff still has not been given a consultation with a psychiatrist despite him having requested one, more than six months ago.[3] The sole defendant is currently Hutcheson.[4]

Vyas's motion correctly notes that Rule 18 permits unrelated claims to be brought against the same defendant in a single lawsuit. *See* Fed. R. Civ. P. 18(a). But as the court's order severing his claims explained, even in cases where there is no misjoinder, the court has the authority to sever claims into separate lawsuits. (*See* Case No. 7:23cv00287, Mem. Op. 2–3, Dkt. No. 1-3 (citing authority, including Fed. R. Civ. P. 21.) Here, four of Vyas's five remaining suits name Sheriff Byran Hutcheson, the administrator at his jail; thus, those claims are not technically misjoined. But even if joinder is proper here, the court concludes—as it discussed in the severance order—that allowing Vyas to include different types of claims in a single lawsuit would allow him "to challenge

---

[3] There were other claims in this same lawsuit involving the failure to provide other medical care. It is not clear to the court whether Vyas is abandoning those claims altogether or wants to keep those claims alive in Case No. 7:23cv00296. Regardless, because the court is not combining this case with any other cases, that lack of clarity does not affect the court's ruling here.

[4] In his motion to join, Vyas appears to note that he is bringing this claim against Head Nurse Lawrence, and he suggests she should be added as a party. She is not currently a defendant to that case. If Vyas wants to amend his complaint in Case No. 7:23cv00296 to either add Head Nurse Lauren or substitute her for Hutcheson, he may file a motion to amend in that case.

different aspects of his incarceration and unrelated actions by various defendants in a single omnibus suit, in violation of the purposes of the Prison Litigation Reform Act ("PLRA")." (*Id.* at 2.) Moreover, Hutcheson is not alleged to have personal involvement in many of the alleged violations, so it is not even clear if he is a proper party to call of them.

In any event, the court has carefully considered Vyas's arguments, and it will grant in part his motion to consolidate. Specifically, the claims in Case Nos. 7:23cv00287 and 7:23cv00288 will be joined, as they are similar and both involve allegations that Vyas's ability to prosecute his lawsuits have been affected. Thus, the court will dismiss Case No. 7:23cv00288, and will include the claims from it in Case No. 7:23cv00287. His motion to join will be denied in all other respects. In short, the court believes that an isolated incident of a cell shakedown by one defendant, a claim of being denied psychiatric care by another (either Hutcheson or Head Nurse Lauren*, see supra* note 4), and an unanswered FOIA request by others are sufficiently disparate claims that they should not be permitted to be brought in a single suit under the PLRA. Likewise, all of these claims are sufficiently dissimilar from the claims in the two cases the court is joining that they should be brought in separate lawsuits.[5]

---

[5] In his motion to consolidate, Vyas argues that the failure to provide adequate access to the grievance process "will affect all claims" and that the failure to provide reasonable facilities to do pro se legal work "encompasses all claims." (Mot. Consol. 6.) To be sure—and assuming their truth—the facts alleged by Vyas in those claims certainly have the potential to affect all of his cases. But that does not mean that the claims themselves are properly joined with his other, unrelated claims, especially when the court considers what must be shown for each claim to state a valid claim. For example, it is well established that a failure to follow the grievance process does not, without more, state an actionable constitutional claim because "inmates have no constitutional entitlement or due process interest in access to a grievance procedure." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017); *see also Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("The Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Similarly, any claim that a plaintiff is being denied access to the court "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Thus, in order to state a constitutional claim of denial of access to the courts, a plaintiff must allege facts showing that the challenged action has actually "hindered his efforts to pursue" a nonfrivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Put differently, although there may be some possible effect on other litigation as a result of the facts alleged in those two claims, they are not sufficiently similar to allow them to be joined with all of the other claims.

**CONCLUSION AND ORDER**

For the reasons set forth above, it is hereby ORDERED as follows:

1. In each of these five cases, Vyas's motion requesting joinder is GRANTED IN PART and DENIED IN PART.

2. That motion is GRANTED insofar as the court will consolidate Case Nos. 7:23cv00287 and 7:23cv00288.  The claims in these two cases (as described in the opinion above) will be combined, and the Clerk is DIRECTED to STRIKE Case No. 7:23cv00288 from the active docket of the court.  Going forward, Vyas shall file only in Case No. 7:23cv00287 any documents related to the claims currently in both.  The Clerk is further DIRECTED to update the docket text of Dkt. No. 1 in Case No. 7:23cv00287 to also include the allegations from 7:23cv00288, as they are set forth above.

3. The motion requesting joinder is DENIED in all other respects.  No modifications are required for the other three cases.  They will remain as independent cases with the defendants already named in each.  As noted, if Vyas wants to modify defendants in any particular case, he may file a motion to amend the complaint in that case.

The Clerk shall send a copy of this memorandum opinion and order to Vyas.

Entered: June 12, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge